# IN THE COURT OF APPEALS OF IOWA

No. 24-0095
Filed December 18, 2024

**IN THE INTEREST OF R.M. and B.M.,**
**Minor Children,**

**J.A., Mother,**
        **Petitioner-Appellee,**

**R.M., Father,**
        **Respondent-Appellant.**
_____

Appeal from the Iowa District Court for Kossuth County, David C. Larson,

Judge.

A father appeals the denial of his motion to continue the hearing on the

mother's petition to terminate his parental rights. **AFFIRMED.**

E. James Rosendahl of Forsyth Law Office, Estherville, for appellant father.

Kristy Arzberger of Arzberger Law Office, Mason City, for appellee mother.

Carrie Jean Rodriguez, Garner, attorney and guardian ad litem for minor

children.

Considered by Greer, P.J., and Ahlers and Badding, JJ.

**BADDING, Judge.**

The mother of two children petitioned to terminate the parental rights of their father in April 2023. The father was served with notice, and an attorney was appointed to represent him. In May, the mother moved to continue the hearing because the father had been sentenced to prison. The court granted her request.

The father was released from prison in August and contacted his attorney the next day. But that was the last the attorney heard from him. After numerous unsuccessful attempts to reach the father, the attorney moved to withdraw. The court denied the attorney's motion and reset the hearing for the first week of December. At the end of November, the father's attorney moved to continue the hearing because of a scheduling conflict and ongoing "difficulty making contact" with the father. Over the mother's objection, the court rescheduled the hearing for mid-December.

At the start of the hearing, the father's attorney made an oral motion to continue because one of the mother's exhibits showed that the father had been arrested in October. The father had since been released, but his attorney thought the new criminal "file may provide some sort of a means" for him to contact the father. The court denied the motion, and the hearing went forward in the father's absence. At its conclusion, the court granted the mother's petition and terminated the father's rights under Iowa Code section 600A.8(3)(b) (2023).

The father appeals, claiming only that the court's denial of his motion to continue was an abuse of discretion and resulted in an injustice.[1] We find no abuse

---

[1] The father does not raise any constitutional claim regarding the denial of his motion to continue. He also does not contest the ground for termination or argue

of the court's discretion, *see In re K.J.S.*, No. 16-1246, 2017 WL 706373, at *5 (Iowa Ct. App. Feb. 22, 2017), and affirm without further opinion. *See* Iowa Ct. R. 21.26(1)(a), (e).

**AFFIRMED.**

---

that termination was not in his children's best interests. *See In re R.B.*, 832 N.W.2d 375, 382 (Iowa Ct. App. 2013) (finding in the context of a chapter 232 termination case that a father was "hard-pressed to show that he suffered injustice" from the denial of his motion to continue where he did not challenge the grounds for termination or address the children's best interests).